EL PUEBLO DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE BAYAMÓN, recurrido.

Núm. 1251.—*Sometido:* Mayo 2, 1949. *Resuelto:* Julio 11, 1949.

*Hon. Procurador General Vicente Géigel Polanco y Carlos J. Faure, Procurador General Auxiliar,* abogados del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

En el Registro de la Propiedad fué presentada para su inscripción una resolución dictada por el Tribunal de Expropiaciones, en el caso seguido por El Pueblo de Puerto Rico contra Pascasio Cancel y Ramón Fuentes. En la resolución se ordenó que dentro del término de treinta días a partir de la notificación de la misma, dichos demandados o en ausencia de ellos, la persona o personas a cargo de la propiedad que en la resolución se describe, hagan la entrega material de dicha finca a El Pueblo de Puerto Rico, y se decretó, además, que el pleno dominio de la referida finca pasó, a virtud de dicha resolución, a favor del expropiador. La porción ex-

propiada fué descrita en la resolución y se expresó que se segregaba de una de mayor cabida inscrita al folio 111 del tomo 11 de Guaynabo, finca 525, inscripción primera, pero no se describió la finca principal como quedó después de verificada la segregación.

El Registrador inscribió la resolución con los defectos subsanables de no ser firme y de no describirse el resto de la finca principal. Contra esa nota interpuso El Pueblo de Puerto Rico el presente recurso gubernativo.

■ El artículo 3 de la Ley Hipotecaria expresamente dispone que para que puedan ser inscritos los títulos expresados en el artículo 2 de la misma,(¹) deberán estar consignados en escritura pública, ejecutoria o *documento auténtico expedido por autoridad judicial* o por el gobierno o sus agentes, en la forma que prescriben los reglamentos.

Comentando Morell el mismo artículo de la Ley Hipotecaria de España de 16 de diciembre de 1909, dice:

"Pero no son solamente las sentencias, ya referentes a bienes inmuebles o a declaración de incapacidad legal, las que en virtud de testimonio judicial pueden inscribirse o servir de fundamento a algún asiento practicable en el Registro, sino también *los autos* y a veces las simples providencias." Morell, Legislación Hipotecaria, t. 1 (ed. 1916) pág. 578. (Bastardillas nuestras.)

■ Y si examinamos la sección 5(*a*) de la Ley Estableciendo la Expropiación Forzosa, según fué enmendada por la Ley número 22 de 9 de abril de 1942 (pág. 387) notaremos que el título absoluto de dominio de la propiedad expropiada o cualquier derecho o interés menor en la misma, queda investido en El Pueblo de Puerto Rico o en el peticionario demandante y la propiedad debe considerarse como expropiada y adquirida para el uso de El Pueblo de Puerto Rico, de la correspondiente Autoridad de Hogares, del municipio

---

(¹) El artículo 2 de la Ley Hipotecaria, en su primera parte, prescribe:

"Art. 2.—En los registros expresados en el artículo anterior se inscribirán:

"1. Los títulos traslativos o declarativos del dominio de los inmuebles o de los derechos reales impuestos sobre los mismos.

"" *      *      *      *      *      *      *""

en cuestión o del Gobierno de la Capital, según fuere el caso, tan pronto se radique la declaración de adquisición y entrega material(²) y se deposite en la corte la cantidad estimada como compensación y especificada en la declaración para beneficio y uso de la persona o personas naturales o jurídicas que tengan derecho a dicha compensación.

Y en el *Disponiéndose* al final de la referida sección 5(*a*), se dice que "ningún recurso de apelación en una causa de esta naturaleza, ni ninguna fianza o garantía que pudiere prestarse en la misma, podrá tener el efecto de evitar o demorar la adquisición o investidura del título de las propiedades por y en El Pueblo de Puerto Rico, en la correspondiente Autoridad de Hogares, municipio o Gobierno de la Capital, según fuere el caso, . . ."

Estas disposiciones no dejan lugar a duda de que no es la resolución de la corte ordenando la investidura de título y entrega material de la cosa expropiada la que confiere título de dominio al expropiador, sino la radicación de la declaración de adquisición o entrega, sujeta, desde luego, a las condiciones enumeradas en la nota 2 anterior. Por consiguiente, al presentarse en el Registro copia certificada por la autoridad judicial de la declaración de adquisición contenida en la resolución del Tribunal de Expropiaciones, y acreditados, además, los otros extremos a que hemos hecho referencia en la nota 2, el Registrador viene obligado a inscribir el dominio de la propiedad descrita en la declaración de adquisición y entrega, por tratarse "del documento auténtico expedido por autoridad judicial" que contempla el artículo 3 de la Ley Hipotecaria.

---

(²)De conformidad con la sección 5(*a*) "dicha declaración sobre adquisición y entrega material deberá contener y estar acompañada de (1) una relación de la autoridad bajo la cual se pretende adquirir la propiedad y el uso público para el cual se pretende adquirirla; (2) una descripción de la propiedad que sea suficiente para identificarla; (3) una relación del título o interés que se pretende adquirir de la propiedad para fines públicos; (4) un plano en caso de propiedad que pueda ser así representada; (5) una fijación de la suma de dinero estimada por la autoridad adquirente como justa compensación de la propiedad que se pretende adquirir."

No tratándose, pues, de una ejecutoria, es improcedente el defecto subsanable anotado por el Registrador de no haberse acreditado que la supuesta resolución sea firme. Tratándose de un documento auténtico expedido por la autoridad judicial, consistente de una parte de los autos del caso de expropiación, el mismo es inscribible con arreglo al artículo 3 de la Ley Hipotecaria.

■ Tampoco procede el otro defecto señalado en la nota. Es doctrina bien establecida que en los casos de expropiación forzosa, el expropiador adquiere un nuevo título que no se deriva del dueño anterior de la propiedad. *Duckett & Co. v. United States*, 266 U. S. 149 (1924); *Emery v. Boston Terminal Co.*, 59 N. E. 763 (Mass. 1901) y *Servicio de Acueductos v. Registrador*, ante, pág. 232. No derivándose el título del expropiador del anterior dueño de la finca expropiada, es forzoso concluir que el recurrente no viene obligado a cumplir con el principio de Derecho Hipotecario que exige se describa la finca principal, tal y como quedó después de practicada una segregación.

*Por las razones expuestas procede revocar la nota recurrida y ordenar al Registrador que cancele los defectos subsanables por él apuntados.*