EL ESTADO LIBRE ASOCIADO DE PUERTO RICO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN JUAN, SECCIÓN QUINTA, recurrido.

*Número:* O-81-112    *Resuelto:* 29 de mayo de 1981

*Héctor A. Colón Cruz, Procurador General, y Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo; la Registradora recurrida compareció por escrito.

EL JUEZ ASOCIADO SEÑOR DÍAZ CRUZ emitió la opinión del Tribunal.

En procedimiento de expropiación forzosa de dos parcelas de terreno (056-01 y 057-01) necesarias en el

desarrollo de la Avenida Jesús T. Piñero en San Juan, el Estado Libre Asociado presentó en el Registro de la Propiedad, Sección V de San Juan, una Resolución del Tribunal Superior, emitida el 3 diciembre, 1980 declarando investido en el Estado el título absoluto de dominio desde la fecha de radicación de la Declaración de adquisición y Entrega material de la propiedad y depósito en el tribunal de la cantidad estimada como justa compensación. La Registradora de la Propiedad denegó la inscripción de la parcela 056-01 porque la finca principal de la cual fue aquélla segregada consta inscrita a favor de Adolfo J. Correa y esposa Carmen M. Acosta, personas distintas de las que figuran como parte y titular con interés en la petición de expropiación, y por no incluirse como parte con interés al acreedor en hipoteca por $45,000 que afecta la finca original; e inscribió la parcela 057-01 sujeta a otra hipoteca a favor del portador por $20,000 que tampoco se mencionó por el Estado peticionario como parte interesada, y da como fundamentos de su calificación el obstáculo de Registro de previa inscripción y tracto sucesivo que levanta el Art. 57 de la Ley Hipotecaria (Núm. 198 de 8 agosto, 1979); y la consecuencia de haberse hecho el depósito de compensación para beneficio de personas que, según el Registro, no son las verdaderamente afectadas por la expropiación.

■ Nuestra jurisprudencia es meridianamente clara en su reconocimiento de la facultad de expropiación del Estado como atributo inherente a su soberanía, superior a todos los derechos de propiedad,[1] limitada en nuestra Constitución por la exigencia de justa compensación y de acuerdo con la forma provista por ley, y por una exclusión a favor de las imprentas y restricción respecto a los edificios en que se hallen instaladas. (Const., Art. II, Sec. 9.)

---

[1] *Autoridad sobre Hogares* v. *Corte*, 68 D.P.R. 54 (1948); *McCormick* v. *Marrero, Juez*, 64 D.P.R. 260 (1944); *Pueblo* v. *632 Metros Cuadrados de Terreno*, 74 D.P.R. 961, 970 (1953).

. . . Un recurso de expropiación es un procedimiento *in rem*. No va dirigido contra ningún demandado en particular, sino contra la propiedad propiamente dicha. Si bien el ejercicio del poder de expropiar extingue todos los derechos anteriores sobre la propiedad, el gobierno no expropia el interés que pueda tener ningún demandado en particular sobre la propiedad. El título que se adquiere mediante la expropiación no se deriva del título del anterior dueño, sino que es un título nuevo, independiente y absoluto. [Citas.] El gobierno es investido del título tan pronto como se radica la declaración de adquisición y se consigna en corte el importe estimado de la compensación; bajo las circunstancias, el gobierno adquiere su título en virtud de una declaración de adquisición, no mediante la resolución de la corte basada en la declaración de adquisición. [Citas.] Siempre y cuando que el gobierno haga un esfuerzo razonable para incluir como demandados a todas las personas que pudieran tener un interés en los bienes expropiados, el gobierno no tiene interés como tal en la distribución de la compensación pagada a los varios reclamantes. La intervención del gobierno se limita a dos cuestiones: (1) obtener título sobre la propiedad a nombre del gobierno; (2) determinar el importe total de la cantidad que debe consignar en corte por la propiedad. *Pueblo* v. *632 Metros Cuadrados de Terreno*, 74 D.P.R. 961, 970-971 (1953).

No se cuestiona el derecho a ser notificados y oídos del dueño de la propiedad afectada por la expropiación y de los acreedores con gravámenes inscritos, pero esa audiencia no tiene necesariamente que concederse antes de expedir la orden de adquisición y entrega. Bastará con que sean oídos antes de dictarse la sentencia final. La inscripción de dominio a favor del Gobierno se hace libre de todo gravamen porque éstos se transfieren al fondo estimado para justa compensación, el cual sustituye al inmueble en lo que respecta a las reclamaciones del anterior dueño y de los acreedores (*Pueblo* v. *Registrador*, 64 D.P.R. 130, 137-38 (1944)); y a dicha indemnización se extiende la hipoteca. Art. 160, Ley Hipotecaria. A la misma conclusión arriba Roca Sastre en su comentario

que incluye la llamada expropiación forzosa *de urgencia* en España al decir que "extingue todas las cargas y derechos anteriores sobre el bien expropiado, los cuales se convierten, por ministerio de la ley, en derechos sobre el justo precio, . . . los asientos de cargas, gravámenes, derechos reales o limitaciones que graven el dominio o derecho expropiado, serán objeto de cancelación, pues como se ha visto antes, y la legislación sobre expropiación forzosa proclama, lo expropiado queda libre de toda carga, gravamen o limitación, pues la expropiación las extingue, transformándose la titularidad sobre las mismas en un derecho sobre el dinero obtenido como justo precio de la expropiación". *Derecho Hipotecario*, 6ta ed., 1968, T. 3, págs. 711 y 714.

La Registradora recurrida distingue este caso de la doctrina aceptada, basándose en la modificación del antiguo Art. 20 de la Ley Hipotecaria normativo del tracto registral, por el vigente Art. 57 de la nueva Ley, 30 L.P.R.A. sec. 2260, que ordena:

> Para registrar documentos por los que se declaren, trasmitan, graven, modifiquen, o extingan el dominio y demás derechos reales sobre bienes inmuebles, deberá constar previamente registrado el derecho de la persona que otorgue o en cuyo nombre sean otorgados los actos o contratos referidos.
>
> Se denegará la registración de resultar inscrito el derecho a favor de persona distinta de la que otorga la trasmisión o gravamen. No obstante, podrán inscribirse sin el requisito de la previa inscripción las resoluciones y ejecutorias, que se refieren en las secs. 2761 a 2777 de este título.

Aduce que habiéndose sumado los títulos *declarativos* (y el de expropiación es uno de ellos) a los sometidos al requisito de que conste previamente registrado el derecho del trasmitente y que se denegará la inscripción "de resultar inscrito el derecho a favor de *persona distinta* de la que otorga la trasmisión o gravamen", procede la denegatoria por no haberse incluido en la solicitud de orden de

adquisición y entrega a los titulares registrales de la parcela 056-01, esposos Correa-Acosta. El principio de tracto sucesivo no opera en este caso como obstáculo de registro por la realidad de ser el de expropiación un título nuevo e independiente, no derivado del dueño anterior, figure o no como titular registral, y sí de la peculiar naturaleza de este derecho del Estado a tomar propiedad privada por su utilidad y necesidad pública, concepto general recogido en el siguiente Art. 59 de la Hipotecaria, 30 L.P.R.A. sec. 2262, que al proveer para los casos en que no apareciere inscrito el título de la finca expropiada se ordena que ". . . las resoluciones que dicte el Tribunal, invistiendo con el título de propiedad a la entidad expropiante, deberán ser objeto en el Registro de una primera inscripción inmatriculadora, sin más limitaciones que las contenidas en las propias resoluciones del Tribunal o en las leyes vigentes."

■ En lo que concierne a la inclusión en la demanda de expropiación, del dueño de la propiedad y demás personas con derecho o interés en la misma, dispone la Ley de Expropiación Forzosa en su Art. 4 (32 L.P.R.A. sec. 2905), que el demandante los mencionará hasta donde sea posible identificarlos, pues deben ser notificados del procedimiento; y la Regla 58.3(b) de Procedimiento Civil ordena que "[a]l instituirse el pleito, el demandante solamente tendrá que acumular como demandados aquellas personas que tengan o reclamen un derecho en la propiedad cuyos nombres a la sazón se conozcan, pero antes de cualquier vista para determinar la compensación que ha pagarse por cada propiedad, el demandante acumulará como demandados todas las personas que tengan o reclamen un derecho en dicha propiedad, cuyos nombres puedan ser conocidos mediante diligencia razonable en el Registro de la Propiedad, tomando en consideración la naturaleza y valor de los bienes que han de adquirirse y también aquellos cuyos nombres hayan sido conocidos de otro modo."

Está en tiempo el Estado recurrente para acumular como demandados a los titulares esposos Adolfo J. Correa y Carmen M. Acosta cuyo título de dominio sobre la finca, perjudicada por la expropiación, fue inscrito en 31 octubre, 1980 con menos de un mes de antelación a la fecha de la petición que es 25 noviembre, 1980, lo que explica la tardanza en su descubrimiento y la sustitución de su vendedor Juan R. González Rivera quien fue mencionado como dueño titular.

Toda vez que el título de dominio del Estado ha de inscribirse libre de gravámenes, es improcedente sujetar la inscripción de la parcela 057-01 a una hipoteca por $20,000 a favor del portador constituida sobre la finca original que sufrió la segregación de dicha parcela. Con ello no se afecta el principio de indivisibilidad de la hipoteca consignado en el Art. 173 de la Ley, 30 L.P.R.A. sec. 2569, pues al igual que a los dueños titulares, el Estado deberá citar a los de gravámenes para que reclamen del fondo de compensación la parte proporcional de sus acreencias que representa la liberación de estas parcelas, si hubiere lesión o reducción apreciables en la garantía y aseguramiento de sus créditos. La inclusión en la demanda y notificación de todas estas partes con interés es requisito ineludible de orden constitucional y estatutario que, de incumplirse, si bien no afecta la jurisdicción del tribunal para transferir título al Estado, le negaría eficacia a la determinación de la compensación, pudiendo los no citados relitigar la misma. *Pueblo* v. *632 Metros Cuadrados de Terreno*, supra, a la pág. 971, n. 6.

Con estos antecedentes y fundamentos *se revocará la calificación recurrida y se ordenará la inscripción, libre de cargas, del dominio absoluto del Estado sobre ambas parcelas.*

El Juez Asociado Señor Negrón García concurre en el resultado sin opinión.