EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Ramón Luis López y otros<br>        Peticionaria<br><br>        v.<br><br>Autoridad de Energía Eléctrica<br>        Recurrida | Certiorari<br><br>2000 TSPR 113 |

Número del Caso: CC-1999-0262

Fecha: 30/06/2000

Tribunal de Circuito de Apelaciones: Circuito Regional VI

Juez Ponente: Hon. Andrés E. Salas Soler

Abogado de la Parte Peticionaria:

            Lcdo. René Arrillaga Armendáriz

Abogados de la Parte Recurrida:

            Lcda. Elisa Fumero Pérez

Materia: Daños y Perjuicios

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correciones del
        proceso de compilación y publicación oficial de las
        decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ramón Luis López,
Y Otros

    Demandante-Peticionaria

       v.                      CC-99-262        CERTIORARI

Autoridad de Energía Eléctrica

    Demandada-Apelada


PER CURIAM

San Juan, Puerto Rico, a 30 de junio de 2000.


El 28 de octubre de 1996, el Estado Libre Asociado de Puerto Rico, en beneficio de la Autoridad de Energía Eléctrica (A.E.E.), expropió las parcelas A y B de unos terrenos pertenecientes a los miembros de las sucesiones de Justino López Díaz y Antonia López Díaz, ubicadas en el Barrio Sumidero de Aguas Buenas. El 12 de diciembre de 1996, el Tribunal de Primera Instancia, Sala Superior de San Juan, emitió una resolución en la cual determinó que:

> [e]l Estado Libre Asociado de Puerto Rico tiene derecho ahora al dominio, posesión y uso inmediato de las propiedades expropiadas, el cual deben entregar materialmente las partes con interés, o en su ausencia, la persona o personas a cargo de la propiedad afectada, a todos los fines y propósitos legales, al Estado Libre Asociado de Puerto Rico, por conducto de su

representante autorizado, para lo cual este Tribunal concede un término no mayor de treinta (30) días después de ser notificados con copia de esta Resolución.

El 27 de diciembre del mismo año, el alguacil Juan Rivera entregó copia del mandamiento y de la resolución aludida a Ramón Luis López, Esther López Pagán y a la Sociedad de Gananciales integrada por ambos (los peticionarios). Estos, además de tener interés en las parcelas expropiadas, poseían un taller colindante con la parcela B referida y mantenían en ésta unos camiones, grúas y otros vehículos de su propiedad.

Varios meses más tarde, el 3 de mayo de 1997, unos empleados de la A.E.E. entraron a la parcela B con máquinas para limpiar la propiedad y comenzar a realizar labores en ésta. A tal efecto, removieron todo el equipo que allí se encontraba, incluyendo los vehículos de los peticionarios mencionados antes.

El 30 de julio de 1997, los peticionarios presentaron una acción contra la A.E.E. mediante la cual solicitaron de ésta el resarcimiento de los daños y perjuicios que sufrieron como consecuencia de la remoción de los vehículos propiedad de aquellos que se encontraban en la parcela B. Alegaron los peticionarios que utilizaban el equipo afectado para uso personal y para remover piezas para reparar otros autos.

La A.E.E. contestó la demanda y negó toda responsabilidad. Posteriormente, la A.E.E. presentó una moción de sentencia sumaria a su favor a la cual los peticionarios se opusieron. El 16 de noviembre de 1998, notificada el 2 de diciembre del mismo año, el Tribunal de Primera Instancia dictó una sentencia mediante la cual declaró con lugar la moción de sentencia sumaria presentada por la A.E.E. y desestimó la demanda instada por los peticionarios. Dicho foro determinó que fueron los peticionarios los que actuaron culposamente al no cumplir la orden del Tribunal de entregar la posesión material del terreno y al negarse a remover sus bienes del terreno expropiado.

El 29 de diciembre de 1998, los peticionarios presentaron un recurso de apelación ante el Tribunal de Circuito de Apelaciones. El 3 de marzo de 1999, notificada el 11 de marzo del mismo año, el Tribunal de Circuito de Apelaciones dictó una sentencia mediante la cual confirmó el dictamen del foro de instancia. Razonó el foro apelativo que debido a que la sentencia del tribunal de instancia mediante la cual se ordenó la entrega material del terreno expropiado fue notificada a los peticionarios el 27 de diciembre de 1996, comenzó a decursar el término para la entrega y desalojo de la propiedad "[p]or lo que la alegación de [los peticionarios] a los efectos de que la A.E.E. tenía que pedir una orden de desalojo al Tribunal carece de todo mérito, toda vez que en la misma sentencia dictada por el Tribunal se les notificó la obligación de desalojar la propiedad y el término que tenía(n) para ello". Señaló, además, el foro apelativo que el hecho de que la propiedad de los peticionarios sufriera daño durante su remoción por parte de los empleados de la A.E.E. "se debió única y exclusivamente a la negligencia de [los peticionarios] quienes incumplieron con la orden del Tribunal de Primera Instancia de entregar la posesión de la propiedad." Puntualizó dicho foro que "la estadía de los vehículos con visos de permanencia en la parcela, justifica la acción de la A.E.E. de removerlos, toda vez que está en su completo derecho de utilizar su propiedad conforme a sus deseos y prerrogativas."

Inconformes con la determinación del foro apelativo, el 9 de abril de 1999, los peticionarios presentaron ante nos el presente recurso de certiorari. En el mismo, plantean la comisión de los siguientes errores:

> Erró el Honorable Tribunal de Circuito de Apelaciones al sostener una Sentencia Sumaria a favor de la parte demandada dictada por el Honorable Tribunal de Primera Instancia y entender que al expropiar un terreno el estado tiene derecho a destruir propiedad del antiguo dueño de esta (sic) y este (sic) no tiene derecho a resarcir esto mediante una demanda por daños y perjuicios.

> Erró el Honorable Tribunal de Circuito de Apelaciones al sostener una Sentencia Sumaria a favor de la parte demandada dictada por el Honorable Tribunal de Primera Instancia y

entender que cuando el estado se convierte en dueño de una propiedad, éste puede destruir propiedades de los antiguos dueños de la finca expropiada meramente porque adquirió dicha propiedad por expropiación y no tiene que solicitar al Tribunal que emita órdenes de desalojo a la persona que se mantenga en posesión de esta (sic).

El 28 de mayo de 1999, expedimos el recurso. El 24 de septiembre del mismo año, la A.E.E. presentó su alegato. Con el beneficio de la comparecencia de ambas partes, pasamos a resolver.

I

Nuestra Constitución establece que "[n]o se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley." Constitución del Estado Libre Asociado de Puerto Rico, Art. II, sec. 9. A tenor con dicho mandato, hemos reconocido que el poder del Estado para expropiar propiedad privada está limitado por la exigencia del pago de una justa compensación, que la cosa sea para un fin público y que se siga el procedimiento establecido por ley. Culebra Enterprises Corp. v. E.L.A., Op. de 31 de octubre de 1997, 143 D.P.R. __, 97 JTS 128; Culebra Enterprises Corp. v. E.L.A., 127 D.P.R. 943 (1991); E.L.A. v. Rosso, 95 D.P.R. 501 (1967); Adm. de Terrenos v. Nerashford Dev. Corp., 136 D.P.R. 801 (1994). De igual forma, este Tribunal ha establecido que el derecho de expropiación del Estado es un atributo inherente y necesario de la soberanía y es superior a todos los derechos de propiedad. Adm. de Terrenos v. Nerashford Dev. Corp., supra; E.L.A. v. Registrador, 111 D.P.R. 117 (1981); Pueblo v. 632 Metros Cuadrados de Terreno, 74 D.P.R. 961 (1953); Autoridad Sobre Hogares v. Corte, 68 D.P.R. 54 (1948).

Conforme las disposiciones de la ley que regula el procedimiento de expropiación, Ley de 12 de marzo de 1903, según enmendada, 32 L.P.R.A. 2907, una vez se presente la declaración de adquisición y se haga la entrega y el depósito en el tribunal de la suma estimada como compensación, el título de dominio de la propiedad queda investido en el expropiador. Planta de Cal Hicaco v. Tribunal Superior, 103 D.P.R. 385 (1975); Pueblo v. 632 Metros Cuadrados de Terreno, supra; Pueblo v.

Franceschi, 72 D.P.R. 554 (1951); Pueblo v. Registrador, 70 D.P.R. 260 (1949). La Ley referida faculta a los tribunales para fijar el término dentro del cual los poseedores de la propiedad expropiada deberán entregar la posesión material al expropiante. 32 L.P.R.A. 2907.

En nuestra jurisdicción existen mecanismos válidos para que un expropiador pueda desalojar de su propiedad a un tercero. Según señalamos en Pueblo v. Soc. Agríc. Mario Mercado e Hijos, 72 D.P.R. 792 (1951), a la pág. 804, un expropiante puede tomar posesión material del terreno expropiado desde que se cumple con el procedimiento de expropiación, **"y si el demandado se [niega] a entregarl[o], el tribunal [tiene] facultad para dictar las órdenes necesarias para hacer valer el derecho del [expropiante] a la posesión**." (Enfasis suplido)

A la luz de la normativa previamente reseñada, procede determinar si la A.E.E. responde por los daños ocasionados a vehículos propiedad del antiguo dueño de un predio expropiado que fueron removidos por aquella sin obtener previamente autorización judicial para realizar tal remoción.

II

Los peticionarios ante nos alegan que, si bien es cierto que la A.E.E. pasó a ser dueña del terreno expropiado que aquí nos concierne, ésta debió solicitar una orden judicial previo a proceder a la remoción de los vehículos de aquellos que permanecían en dicho terreno. Por su parte, la A.E.E. aduce que los peticionarios no removieron los vehículos en controversia dentro del término establecido por el tribunal de instancia para ello, razón por la cual "no pueden quejarse de que éstos, según alegan (los peticionarios), fuesen dañados", pues a partir de ese momento, la A.E.E. "tenía el dominio, la posesión, y el uso y no había necesidad de disponer para el desalojo de la finca."

No hay duda alguna, y en ello las partes están contestes, que al momento en que ocurrieron los hechos que aquí nos ocupan la A.E.E. era la titular del terreno expropiado en que se encontraban los vehículos.

Lo que procede dilucidar es si la A.E.E. podía remover los vehículos de los peticionarios que se encontraban en dicho terreno por su propia fuerza, sin obtener previamente una autorización judicial al efecto.

El tribunal apelativo razonó que, dado el hecho de que mediante la expropiación la A.E.E. advino dueña del terreno en que se encontraban los vehículos y que los peticionarios no removieron los mismos de dicho lugar, la A.E.E. actuó correctamente al proceder a removerlos sin autorización judicial pues, al así hacerlo, "la A.E.E no hizo otra cosa sino hacer valer su derecho propietario, Art. 280 del Código Civil de Puerto Rico, 31 L.P.R.A. Sec. 1111, a través del cual, como es sabido, se puede usar, realizar actos de disposición y **hasta excluir a los demás para que no interfieran con el uso, disfrute** o disposición de la cosa objeto del derecho. <u>Soc. Gananciales v. G. Padín Co., Inc.</u>, 117 D.P.R. 94 (1986)." Con dicha normativa en mente, determinó el foro apelativo que, una vez cumplido el procedimiento de expropiación, el nuevo dueño no necesitaba autorización judicial para remover bienes de los antiguos dueños que no hubiesen sido retirados por éstos del terreno expropiado. **<u>No obstante, nuestras expresiones en el citado caso no tienen el alcance que pretende darle el foro apelativo</u>**. Si bien es cierto que el dueño de una propiedad puede ejercer su derecho al uso y disfrute de su propiedad, así como las facultades de exclusión y defensa del mismo, ello no significa que en el ejercicio de tales derechos el propietario pueda ocasionar daños a terceros. Es por esta razón que en aquella ocasión también señalamos que:

> ...el derecho de propiedad, al igual que todos los otros derechos en un sistema jurídico ordenado, está sujeto por su propia naturaleza a una serie de limitaciones y restricciones necesarias para la realización de objetivos y valores sociales colectivos, así como también que el ordenamiento, en determinadas circunstancias, expresamente impone sobre el propietario ciertos deberes y responsabilidades. Como expresa Puig Brutau:
>
> > El derecho de propiedad no puede entenderse como un medio para la actuación ilimitada del individuo. Responde a un fin racional y por ello tiene límites intrínsecos, incluso con independencia de los que resultan de la existencia de derechos expresamente concedidos a otros titulares frente al propietario.

....

> No puede perderse de vista, por último, que las "limitaciones" al derecho de propiedad no sólo tienen un "aspecto negativo" --desde el punto de vista de que no puede hacerse con referencia al bien-- sino que tienen un "aspecto positivo", en el sentido de imponer al propietario la obligación de prevenir los daños que en el ejercicio de su derecho de propiedad pueda ocasionar a terceros. Soc. Gananciales v. G. Padín Co., Inc., supra, págs. 102-103.

El hecho de que la A.E.E. hubiese advenido dueña del terreno expropiado no significaba que podía ejercer ilegalmente actos de dominio en perjuicio de terceros. Como señalamos antes, si un expropiante no logra entrar al pleno disfrute del bien expropiado, el tribunal puede expedir las órdenes necesarias para asegurar que el expropiante pueda ejercer sus derechos. Resulta evidente la obligación que tenía la A.E.E. de recibir autorización judicial antes de proceder a remover los bienes de los peticionarios que se encontraban en el terreno expropiado. Al no hacerlo, incurrió en responsabilidad.

Es doctrina reiterada en nuestra jurisdicción que "a nadie es lícito tomarse la justicia por su mano, sino que debe acudirse a los tribunales para conseguirla". Serrano v. Sucesión Santos, 24 D.P.R. 175, 183 (1916). Véase, además, San Juan Mercantile Corp. v. J.R.T., 104 D.P.R. 86 (1975); Soc. de Gananciales v. Jerónimo Corp., 103 D.P.R. 127 (1974); Don Quijote Hotel v. Tribunal Superior, 100 D.P.R. 19 (1971); Cepero Rivera v. Tribunal Superior, 93 D.P.R. 245 (1966); United Hotels of P.R. v. Willig, 89 D.P.R. 188 (1963). "El derecho existe para sacar al hombre de la jungla y no para meterlo en ella. Tomarse la justicia por la mano equivale a volver al estado primitivo de la jungla". Soc. de Gananciales v. Jerónimo Corp., supra, a la pág. 132; Don Quijote Hotel v. Tribunal Superior, supra, a la pág. 27. En este caso, la A.E.E. se tomó la justicia por sus manos y decidió remover los bienes de los peticionarios por su propia cuenta y sin solicitar y obtener autorización judicial al efecto. Erró, pues, el tribunal de circuito al resolver de otro modo.

En resumen, resolvemos que el dueño de un terreno no puede desalojar a un tercero o remover sus bienes sin obtener previamente una autorización judicial al efecto, so pena de incurrir en responsabilidad por los daños que él ocasione al tercero.  Vivimos en un régimen de ley y orden.  A los actos ilegales de unos no se puede responder con otros actos ilegales sino con las acciones judiciales correspondientes.  Como señalamos en Delgado v. Miller, 47 D.P.R. 802 (1934), a la pág. 812, "ninguna persona, incluyendo al Pueblo de Puerto Rico, está autorizada para tomarse la justicia por su mano".

## III

Por los fundamentos antes expuestos, se revoca la sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ramón Luis López,
Y Otros

    Demandante-Peticionaria

       v.                      CC-99-262        CERTIORARI

Autoridad de Energía Eléctrica

    Demandada-Apelada

SENTENCIA

San Juan, Puerto Rico, a 30 de junio de 2000.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte de la presente sentencia, se revoca la sentencia dictada por el Tribunal de Circuito de Apelaciones y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton concurre sin opinión escrita. El Juez Asociado señor Corrada del Río disiente por entender que el dictamen del Tribunal de Circuito de Apelaciones es sustancialmente correcto. El Juez Asociado señor Negrón García no intervino.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo