| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL VII | | |
| MUNICIPIO DE CIALES<br><br>Recurrida<br><br><br>A.C.M.E. CORPORATION, LUIS G. ARROYO OCASIO, SUCESIÓN ARROYO OCASIO Y OTROS<br><br>Peticionarios | KLCE202500575 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Sobre: Expropiación Forzosa<br><br>Caso Núm. AR2022CV02285 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda del Toro y el Juez Pérez Ocasio

Domínguez Irizarry, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de junio de 2025.

El peticionario, Luis G. Arroyo Ocasio, comparece ante nos y nos solicita la revisión de la Resolución emitida y notificada por el Tribunal de Primera Instancia, Sala de Arecibo, el 26 de marzo de 2025. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* una solicitud de desestimación de demanda en contra del desarrollador, Verde Real Development, LLC.

Por los fundamentos que expondremos a continuación, se deniega la expedición del auto solicitado.

### I

La presente controversia tuvo su origen en la presentación de una petición sobre expropiación forzosa, promovida por el Municipio de Ciales, el 27 de diciembre de 2022, ello, respecto a un inmueble sito en su jurisdicción. En la misma, se incluyeron como demandados a A.C.M.E. Corporation, Luis G. Arroyo Ocasio, Sucesión Arroyo Ocasio, Verde Real Development, LLC y el Centro de Recaudaciones de Ingresos Municipales (CRIM). La propiedad a expropiar se encuentra localizada en la Carretera 149, Kilómetro

Número Identificador

RES2025 _____

17.0 interior, Barrio Jaguas, del Municipio de Ciales. En la referida petición se especificó que era necesaria la adquisición del pleno dominio del inmueble en cuestión, para continuar un proyecto de desarrollo de viviendas de interés social, denominado como Urbanización Verde Real.

Tras varios trámites procesales, innecesarios de pormenorizar, el 18 de diciembre de 2023, el peticionario presentó una *Moción Para Que Se Desestime al Desarrollador Verde Real de esta Petición In Rem de Expropiación por no Tener ni Derecho ni Interés en la Propiedad que se Pretende Expropiar*. En su solicitud, el aquí peticionario planteó que el desarrollador, Verde Real Development, Inc. (en adelante, Verde Real), no tenía ningún interés ni derecho sobre las 3.71 cuerdas objeto de expropiación, por lo que no se debió acumular en la petición de epígrafe.

En respuesta, el 20 de diciembre de 2023, Verde Real presentó una réplica a la solicitud presentada por el peticionario. En primer lugar, planteó que este no tenía reclamación alguna en su contra, lo que hacía improcedente, de su faz, su solicitud. Enfatizó que es el Municipio quien determina a quién se va a incluir como parte con interés en el procedimiento de expropiación forzosa. Explicó que el predio de terreno que se pretendía expropiar fue incluido erróneamente por el Municipio en la compra del terreno en donde se desarrollaría la Urbanización Verde Real. Basado en esas representaciones y planos, Verde Real acordó construir y desarrollar cierto número de residencias a un costo, para vender las mismas y repagar al Municipio de Ciales. Según se detalló, la construcción de las últimas veinte (20) residencias se había comenzado en el terreno en cuestión, a la vista del peticionario. No obstante, este se mantuvo callado, observando el progreso de las obras, hasta que posteriormente adujo tener un Pagaré a su favor, garantizado por el terreno en cuestión. Luego de una investigación por parte del

Municipio, se percataron que el terreno no había sido parte de la finca vendida a Verde Real, sino que era propiedad de A.C.M.E. Corporation. Ante tal situación, el Municipio optó por ejercer su poder de expropiar el terreno para culminar el proyecto de interés social y garantizar el cumplimiento de sus obligaciones con Verde Real.

Examinadas las posturas de las partes, el 26 de marzo de 2025, el Tribunal de Primera Instancia emitió una *Resolución*, mediante la cual determinó que no procedía la desestimación presentada por el peticionario.

Inconforme con lo anterior, el 9 de abril de 2025, el peticionario presentó una reconsideración, la cual fue denegada mediante *Resolución* emitida el 29 de abril de 2025, notificada al siguiente día.

Aún en desacuerdo con lo resuelto, el 28 de mayo de 2025, el peticionario presentó el presente recurso de certiorari. En el mismo expuso el siguiente señalamiento de error.

> Erró el TPI al permitir como una parte en el procedimiento *in rem* de expropiación a un desarrollador que no tiene legitimación activa conforme la ley y el código municipal pues no es una parte con interés en la propiedad expropiada.

Luego de examinar el expediente de autos, y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

La expropiación forzosa constituye el poder soberano que reside en el Estado para adquirir el dominio de una propiedad sita dentro de sus límites territoriales. *Adm. Terrenos v. Corp. Pesquera Henares*, 201 DPR 14, 21 (2018). De este modo, el Estado está legitimado para hacerse de un bien privado y destinarlo a fines públicos, ello como resultado de su poder inherente para establecer

restricciones sobre la propiedad. *Mun. de Guaynabo v. Adquisición M²*, 180 DPR 206, 216 (2010); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 425 (2008); *E.L.A. v. Registrador*, 111 DPR 117, 119 (1981). De ahí que la facultad de expropiación forzosa ha sido reconocida como una de superior jerarquía, posicionándose sobre los derechos propietarios de los ciudadanos. *Adm. Terrenos v. Corp. Pesquera Henares*, supra, pág. 21; *A.C.T. v. 780.6141m²*, 165 DPR 121, 130 (2005); *E.L.A. v. Registrador*, supra, pág. 119. En atención a ello, el legislador insertó en nuestro estado de derecho la Ley General de Expropiación Forzosa, Ley de 12 de marzo de 1903, según enmendada, 32 LPRA sec. 2901 *et seq.*, precepto que define los procesos inherentes al ejercicio de la facultad en cuestión. *Mun. Río Grande v. Adquisición Finca,* 2025 TSPR 36, 215 DPR ___ (2025); *AAA v. Cortés Flores y otros,* 2024 TSPR 96, 214 DPR ___ (2024).

Ahora bien, el mecanismo de expropiación forzosa tiene límites constitucionales que protegen contra actuaciones abusivas o arbitrarias del Estado. *Adm. Terrenos v. Corp. Pesquera Henares*, supra, pág. 21; *Mun. de Guaynabo v. Adquisición M²*, supra, pág. 229. Con relación a ello, la Constitución del Estado Libre Asociado de Puerto Rico dispone que "[n]o se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley". Art. II, sec. 9, Const. ELA, 1 LPRA, Tomo 1*; López y otros v. A.E.E.*, 151 DPR 701, 706 (2000). Como resultado, las únicas limitaciones que pueden reconocerse a esta facultad estatal, son que la propiedad se dedique a un uso o fin público y se le satisfaga al demandado una justa compensación por ella. *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* supra, pág. 425; *M. Mercado e Hijos v. Tribl. Superior*, 85 DPR 370, 375-376 (1962).

Con respecto a la acumulación de partes en una petición sobre expropiación forzosa, la Ley General de Expropiación

Forzosa, *supra,* expresamente "preceptúa que la demanda se insta en contra de los dueños de la propiedad, sus ocupantes y todas las demás personas con derecho o interés sobre la propiedad". *A.C.T. v. Iñesta,* 165 DPR 891, 903 (2005). Específicamente, en su Sección 5, provee como sigue:

> Todas las personas que ocuparen cualquiera de las propiedades descritas en la demanda, que tuvieren o pretendieren tener cualquier interés en la misma o en los daños y perjuicios ocasionados por la expropiación, aunque no se les mencionare en ella, podrán comparecer y alegar su derecho, cada una por lo que respecta al dominio o interés que en la propiedad tuviere o reclamare, de igual modo que si su nombre figurase en la demanda.

32 LPRA sec. 2906.

De manera análoga, la Regla 58.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 58.3(b), por igual reconoce que, la parte demandante en una petición de expropiación forzosa, al momento de presentar el pleito correspondiente, "solamente tendrá que acumular como partes demandadas aquellas personas que tengan o reclamen un derecho en la propiedad cuyos nombres a la sazón se conozcan [...]". Así, previo a la celebración de cualquier vista para determinar la compensación a pagarse por la misma, la parte demandante:

> [...] tendrá que acumular como partes demandadas a todas las personas que tengan o reclamen un derecho [en la propiedad a expropiarse], incluyendo los(las) dueños(as), ocupantes, arrendatarios(as), usufructuarios(as), y acreedores(as) hipotecarios(as), cuyos nombres puedan ser conocidos mediante diligencia razonable en el Registro de la Propiedad o cuyo interés pueda identificarse mediante visitas a la propiedad o de algún otro modo [...].

32 LPRA Ap. V, R. 58.3.

**B**

Finalmente, el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar

las determinaciones de un foro inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros*, Res. 8 de mayo de 2023, 2023 TSPR 65; *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659 (2021); 800 *Ponce de León v. AIG*, 205 DPR 163 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012). Mediante la presentación de un recurso de *certiorari,* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011); *Pueblo v. Díaz de León,* 176 DPR 913 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). No obstante, "[e]l examen que hace el tribunal apelativo, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros". *800 Ponce de León v. AIG,* supra*; IG Builders et al. v. BBVAPR,* supra.

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del

pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117, 141-142 (1987).

Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al v. ACBI et al.,* supra. Su más adecuado ejercicio está inexorablemente atado al

concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Citibank et al v. ACBI et al.*, supra; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *García v. Asociación*, 165 DPR 311, 321 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.*, supra, pág. 736.

## III

Amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. Nada en los documentos que nos ocupan, revela que, en el ejercicio de sus facultades adjudicativas sobre la controversia de autos, el Tribunal de Primera Instancia haya incurrido en error de derecho o abuso de discreción al disponer de la controversia entre las partes. A nuestro juicio, el foro primario se sujetó a los criterios legales pertinentes al dirimir la solicitud de desestimación en contra del desarrollador Verde Real Development, LLC. Por tanto, en ausencia de condición alguna que mueva nuestro criterio a estimar que este Foro debe intervenir en la causa de epígrafe, denegamos la expedición del auto solicitado.

## IV

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones