## ESTADO LIBRE ASOCIADO DE PUERTO RICO
## TRIBUNAL DE APELACIONES
## PANEL VII-ESPECIAL

| | | |
|---|---|---|
| MUNICIPIO DE RÍO GRANDE, REPRESENTADO POR SU ALCALDE, ÁNGEL B. GONZÁLEZ DAMUDT APELADA<br><br>V.<br><br>ADQUISICIÓN DE FINCA 27.661 DE LA URBANIZACIÓN INDUSTRIAL, LAS FLORES, DEL TÉRMINO MUNICIPAL DE RÍO GRANDE<br><br>CONCILIO DE SALUD INTEGRAL DE LOIZA, INC., ET ALS APELANTE | KLAN202300276 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: RG2022CV00284<br><br>Sobre: Expropiación Forzosa |
| MUNICIPIO DE RÍO GRANDE, REPRESENTADO POR SU ALCALDE, ÁNGEL B. GONZÁLEZ DAMUDT RECURRIDO<br><br>V.<br><br>ADQUISICIÓN DE FINCA 27.661 DE LA URBANIZACIÓN INDUSTRIAL, LAS FLORES, DEL TÉRMINO MUNICIPAL DE RÍO GRANDE<br><br>CONCILIO DE SALUD INTEGRAL DE LOIZA, INC., ET ALS<br><br>PARTES CON INTERÉS-PETICIONARIOS | KLCE202300360 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: RG2022CV00284<br><br>Sobre: Expropiación Forzosa |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 10 de enero de 2024.

Comparece el Concilio de Salud Integral de Loíza, Inc. (CSILO) **mediante una *Apelación*, correspondiente al recurso KLAN202300276**, sobre **la *Sentencia Parcial* emitida el 10 de marzo de 2023 y notificada el 13 de marzo de 2023** que **desestima una reconvención presentada**

**por CSILO en un caso de expropiación forzosa** y, sobre **cuatro (4) órdenes interlocutorias emitidas en la misma fecha de la sentencia parcial** antes mencionada. Además, CSILO también comparece ante este Tribunal de Apelaciones mediante una ***Petición de certiorari, correspondiente al recurso KLCE202300360***, sobre **una *Resolución* emitida y notificada el 15 de marzo de 2023** que **declaró no ha lugar una solicitud de desestimación de una petición de expropiación** por falta de jurisdicción sobre la materia.

Adelantamos, por los fundamentos que vamos a exponer, que se confirma la *Sentencia Parcial* apelada en el recurso KLAN202300276 y se deniega la expedición del auto de *certiorari* en cuanto a las cuatro órdenes recurridas en el recurso KLAN202300276; y, se deniega la expedición del auto de *certiorari* en cuanto a la la *Resolución* recurrida en el recurso KLCE202300360.

**I**

El Municipio de Rio Grande (Municipio; recurrido) presentó ante el TPI, el 6 de julio de 2022, una *Petición sobre expropiación forzosa* relacionada a los dos recursos ante nuestra consideración, sobre el siguiente inmueble:[1]

> FINCA: 27,661 Inscrita al Tomo Karibe de Río Grande, Registro de la Propiedad de Puerto Rico, Sección III Carolina, con número de catastro 090-086-054-08-000, la cual ubica en la URBANIZACIÓN INDUSTRIAL LAS FLORES de Río Grande.[2]

Surge de la Ordenanza Núm. 2 Serie 2020-2021 y de la Ordenanza Núm. 28 Serie 2021-2022 que en la finca objeto de la petición de expropiación, enclava la estructura que fue la sede del Centro Judicial de Rio Grande.[3] El Municipio identificó, en el inciso IV del Exhibit A de la Petición de expropiación, que las entidades **CSILO**, SZ Development, S.E. (SZ) y el Centro de Recaudación de Ingresos Municipales(CRIM) son

---

[1] Apéndice del recurso KLAN202300276, págs. 1-106.
[2] Alegación #2 de la *Petición de Expropiación Forzosa*.
[3] Véase Exhibit C de la Petición, Apéndice del recurso KLAN202300276, págs. 11-23.

partes con interés. Acompañaron como Exhibit D2[4] una Certificación Registral, de la cual surge que la propiedad **está inscrita a favor del CSILO**, quien adquirió por compraventa mediante la Escritura Pública número 4 del 3 de febrero de 2020, otorgada ante el notario Víctor M. Rivera Torres.

El 6 de julio de 2022, conjuntamente con la Petición de expropiación forzosa, el Municipio de Rio Grande presentó una *Moción sobre adquisición y entrega material de la propiedad*,[5] en la cual se solicitó la entrega inmediata de la posesión material de la propiedad objeto de la expropiación y su inscripción a favor del Municipio de Rio Grande, por parte del Registrador de la Propiedad, Sección III de Carolina.

El 7 de julio de 2022, **el TPI emitió una *Resolución*, notificada el 13 de julio de 2022**[6] **que decretó la investidura del título de la propiedad objeto de la petición de expropiación en el Municipio de Rio Grande** y ordenó su incripción en el Registro de la Propiedad a favor del Municipio, libre de cargas, gravámenes, menciones, y reservas.

**En cuanto a los incidentes posteriores pertinentes ante el TPI, relacionados a lo reclamado en el recurso KLAN202300276,** el 26 de agosto de 2022, **el CSILO** presentó una *Contestación a petición de expropiación y reconvención*.[7] Alegó que el Municipio, con sus acciones y omisiones, ocupó el inmueble expropiado desde el momento en que denegó recibir el pago de los arbitrios de construcción y/o eximir del pago, al privar al CSILO del uso de la propiedad.

El Municipio de Rio Grande presentó, el 11 de octubre de 2022, una *Solicitud de desestimación de la reconvención por resultar improcedente e inaplicable al procedimiento in rem de expropiación forzosa*.[8] Expuso que la reconvención presentada por CSILO resulta incompatible e inaplicable al procedimiento *in rem* de expropiación forzosa y que no está reconocida, ni

---

[4] Apéndice del recurso KLAN202300276, pág. 24.
[5] Apéndice del recurso KLAN202300276, págs. 107-113.5
[6] Apéndice del recurso KLAN202300276, pags 114-118.
[7] Apéndice del recurso KLAN202300276, pags 114-118.
[8] Apéndice del recurso KLAN202300276, págs. 675-682.

autorizada por la Ley de Expropiación Forzosa, ni por el Código Municipal, ni por la Regla 58.5 de las de Procedimiento Civil. En consecuencia, solicitó la desestimación de la reconvención como cuestión de derecho. El 4 de noviembre de 2022, CSILO presentó una *Oposición a "Solicitud de desestimación de la reconvención por resultar improcedente e inaplicable al procedimiento in rem de expropiación forzosa"*.[9]

El TPI emitió, el 10 de marzo de 2023, una *Sentencia Parcial* notificada el 13 de marzo de 2023, que desestimó la reconvención presentada, por resultar "incompatible e inaplicable al procedimiento in rem de la expropiación forzosa y no está reconocida, ni autorizada por la Ley de Expropiación Forzosa, ni por el Código Municipal, ni por la Regla 58.5 de las de Procedimiento Civil".[10]

El 26 de agosto de 2022, el CSILO presentó un escrito titulado *Solicitud de reconsideración y para que se deje sin efecto orden de investidura de título dictada por este tribunal mediante su resolución del 7 de julio de 2022*.[11] El 11 de octubre de 2022, el Municipio presentó su *Oposición del Municipio de Río Grande a "Solicitud de reconsideración y para que se deje sin efecto orden de investidura de título dictada por este tribunal mediante su resolución del 7 de julio de 2022*.[12] El 3 de noviembre de 2022, el CSILO presentó una *Réplica a "Oposición del municipio de Río Grande a solicitud de reconsideración y para que se deje sin efecto orden de investidura de título dictada por este tribunal mediante su resolución del 7 de julio de 2022*.[13]

El TPI emitió una Orden (**primera orden recurrida** en el recurso de apeacion KLAN202300276) que declaró no ha lugar la *Solicitud de reconsideración y para que se deje sin efecto orden de investidura de título dictada por este tribunal mediante su resolución del 7 de julio de 2022* antes

---

[9] Apéndice del recurso KLAN202300276, págs. 683-687.
[10] Apéndice del recurso KLAN202300276, págs. 688-689.
[11] Apéndice del recurso KLAN202300276, págs. 800-805.
[12] Apéndice del recurso KLAN202300276, págs. 806-813.
[13] Apéndice del recurso KLAN202300276, págs. 814-820.

citada y le ordenó al Municipio de Rio Grande a enmendar el Exhibit A para incluir al Gobierno Federal.[14]

El 23 de febrero de 2023, se presentó una *Moción del Municipio de Río Grande en solicitud de desalojo e imposición de canon de arrendamiento.* [15] CSILO presentó, el 27 de febrero de 2023, un escrito titulado *Oposición a "Moción del Municipio de Rio Grande en solicitud de desalojo e imposición de canon de arrendamiento*" y para reiterar solicitud de desestimación presentada por el CSILO".[16]

El TPI emitió, el 10 de marzo de 2023, una *Orden* (**segunda orden** recurrida) al CSILO para que desaloje inmediatamente la finca expropiada, notificada el 13 de marzo de 2023, y le impuso un canon de arrendamiento mensual de $24,000.00 a partir del 10 de septiembre de 2022 y hasta que acredite haber desalojado la propiedad municipal.[17]

El 23 de febrero de 2023, también se presentó una *Moción del Municipio de Río Grande solicitando que se ordene al CSILO que informe los datos del Perito Tasador que utilizará para litigar la justa compensación.*[18] El 27 de febrero de 2023, el CSILO presentó su *Oposición a "Moción del Municipio de Rio Grande solicitando que se ordene al CSILO que informe los datos del Perito Tasador que utilizará para litigar la justa compensación*" y para reiterar su solicitud de desestimación presentda por el CSILO.[19]

El TPI dictó el 10 de marzo de 2023 una *Orden* (**tercera** orden recurrida), **notificada el 13 de marzo de 2023**, que le concede al CSILO el término de veinte (20) días para informar nombre, cualificaciones, número de teléfono y dirección del perito tasador que estará utilizando para litigar la justa compensación.[20]

---

[14] Apéndice del recurso KLAN202300276, pág. 821.
[15] Apéndice del recurso KLAN202300276, págs. 822-823.
[16] Apéndice del recurso KLAN202300276, págs. 824-826.
[17] Apéndice del recurso KLAN202300276, pág. 827.
[18] Apéndice del recurso KLAN202300276, págs. 828-829.
[19] Apéndice del recurso KLAN202300276, págs. 830-832.
[20] Apéndice del recurso KLAN202300276, pág. 833.

Finalmente, el 26 de agosto de 2022, CSILO también presentó una *Moción solicitando eliminación de SZ Development por ser una parte indebidamente acumulada*.[21] SZ Development presentó, el 13 de septiembre de 2022, una *Moción en torno a moción solicitando eliminación de SZ Development por ser una parte indebidamente acumulada y a la oposicion a comparecencia de la parte con interes SZ Development*.[22] El 11 de octubre de 2022, el Municipio presentó el escrito titulado *Oposición del Municipio de Rio Grande a "Moción solicitando eliminación de SZ Development por ser una parte indebidamente acumulada".* [23] Por su parte, el 3 de noviembre de 2022, CSILO presentó una *Réplica a "Oposición a moción solicitando eliminación de SZ Development por ser una parte indebidamente acumulada".* [24]

El TPI emitió una *Orden* (**cuarta orden** recurrida), el 10 de marzo de 2023, la cual fue notificada el 13 de marzo de 2023, la cual declaró no ha lugar la solicitud de eliminación de SZ como parte con interés.[25]

Inconforme con lo dispuesto en cuanto a la *Sentencia Parcial* y las cuatro(4) órdenes recurridas, el CSILO presentó, el 10 de abril de 2023, un recurso de apelación ante este el Tribunal de Apelaciones identificado como el caso número **KLAN202300276**, el cual fue consolidado con el recurso KLCE202300360, mediante *una Resolucion* emitida el 26 de abril de 2023 por este Tribunal de Apelaciones.

**En cuanto a los incidentes procesales y adjudicativos, pertinentes ante el TPI relacionados a lo reclamado en el recurso KLCE202300260**, el 26 de agosto de 2022, se presentó por CSILO un escrito titulado *Urgente solicitud de desestimación por falta de jurisdicción sobre la materia e impugnación de fin público*.[26] Se reclamó que la expropiación de la propiedad solicitada por el Municipio de Rio Grande no

---

[21] Apéndice del recurso KLAN202300276, págs. 690-786.
[22] Apéndice del recurso KLAN202300276, págs. 787-789.
[23] Apéndice del recurso KLAN202300276, págs. 790-795.
[24] Apéndice del recurso KLAN202300276, págs. 796-799.
[25] Apéndice del recurso KLAN202300276, pág. 833.
[26] Apéndice del recurso KLAN202300276, págs. 149-189.

procede y debe ser desestimada, conforme a los siguientes tres fundamentos:

   a. Falta de Jurisdicción sobre la materia según establece el 28 U.S.C.S Sec. 2409(a)(a). Se sostiene que la ley federal (28 U.S.C.S. Sec. 1346(f) y su jurisprudencia interpretativa disponen que las cortes de distrito federales tienen jurisdicción exclusiva sobre las acciones civiles bajo las cuales se reclame el título de una propiedad en la cual los Estados Unidos tenga interés. En el escrito de desestimación, el CSILO acompañó la certificación registral de la propiedad, de la cual surge inscrito el "Federal Interest" del Gobierno Federal en la propiedad objeto de expropiación de este caso.
   b. La propiedad no está sujeta a ser expropiada por la doctrina del Campo Ocupado. No hay ley estatal, ni municipal, que pueda ir por encima del destino y propósito de esa propiedad según le fue conferido a consecuencia del "Federal Interest" y la ley federal.
   c. La Petición deja de exponer una reclamación que justifique la concesión de un remedio por la aplicación de la doctrina del Fin Público Previo, el cual a su vez resulta ser un uso público de mayor supremacía.

El Municipio de Rio Grande presentó el 9 de noviembre de 2023 una *Oposición del Municipio de Rio Grande a la "Urgente solicitud de desestimación por falta de jurisdicción sobre la materia e impugnación de fin público"*.[27] El 5 de diciembre de 2022, el CSILO presentó un escrito titulado *Réplica a "Oposición del Municipio de [Rio] Grande a la [']Urgente solicitud de desestimación por falta de jurisdicción sobre la materia e impugnación de fin público[']"*.[28] El mismo día, *5* de diciembre de 2022, el CSILO presentó una *Moción para suplementar "Réplica a "Oposición del Municipio de Rio Grande a la "Urgente solicitud de desestimación por falta de jurisdicción sobre la materia e impugnación de fin público"*.[29]

El 13 de marzo de 2023, el CSILO presentó una *Moción para reiterar "Urgente solicitud de desestimación por falta de .jurisdicción sobre la materia e impugnación de fin público"*.[30] El 13 de marzo de 2023 se emitió una Orden por el TPI, notificada el 14 de marzo de 2023, la cual concedió al Municipio de Rio Grande el término de veinte (20) días para presentar su

---

[27] Apéndice del recurso KLAN202300276, págs. 190-644.
[28] Apéndice del recurso KLAN202300276, págs. 645-657.
[29] Apéndice del recurso KLAN202300276, págs. 658-665.
[30] Apéndice del recurso KLAN202300276, págs. 666-669.

posición sobre la moción para reiterar la solicitud de desestimación presentada por el CSILO.[31]

El 14 de marzo de 2023, el Municipio de Rio Grande presentó una *Moción del Municipio de Rio Grande en cumplimiento a orden del 14 de marzo de 2023*.[32] Se expone en esa moción que el Municipio de Rio Grande se une a la solicitud del CSILO para que el TPI adjudicara la *Urgente solicitud de desestimación por falta de jurisdicción sobre la materia e impugnación de fin público*.

Así las cosas, el 15 de marzo de 2023, el TPI emitió una *Resolución* notificada el mismo día,[33] en la cual el TPI declaró no ha lugar la solicitud de desestimación por falta de jurisdicción y campo ocupado presentada por el CSILO.

Inconforme, el 5 de abril de 2023, el CSILO presentó un recurso de *certiorari* ante este el Tribunal de Apelaciones identificado como el caso número **KLCE202300360**, consolidado con el recurso KLAN202300276.

Los señalamientos de errores expuestos en los recursos consolidados son los siguientes:

**KLCE202300276**

1. **Incurrió en error el TPI al desestimar la reconvención presentada en este caso por el CSILO a pesar de que nada en la normativa lo prohibe y a pesar de que se trata de acciones y defensas reconocidas en nuestra jurisdicción a una parte cuya propiedad le es expropiada y/o se trate de una tenencia y/u ocupación temporera.**
2. **El TPI incurrió en error al no dejar sin efecto la orden de investidura de título y ordenar que se inscribiera la misma a favor del municipio y libre de cargas, gravamnes, menciones y reservas, a pesar de que tenía conocimiento de que la propiedad está afecta al "Federal Interest" y de que el gobierno federal no se ha incluído como parte en este caso. además, el TPI incurrió en error al no dejar sin efecto la investidura de título hasta tanto se resolviera de forma final y firme la controversia sobre la jurisdicción.**
3. **Incurrió en error el TPI al ordenar al CSILO a desalojar inmediatamente la propiedad a pesar de que aun no**

---

[31] Apéndice del recurso KLAN202300276, pág. 670.
[32] Apéndice del recurso KLAN202300276, págs. 671-672.
[33] Apéndice del recurso KLAN202300276, págs. 673-674.

**se ha resuelto de forma final ni firme el asunto de la jurisdicción del TPI para atender la petición de epígrafe.**

4. **Incurrió en error el TPI al imponerle al CSILO un canon de arrendamiento mensual de $24,000.00 a partir del 10 de septiembre de 2022 y hasta que el csilo desaloje la propiedad a pesar de que dicha suma fue sugerida por el propio municipio como una mera alegación y sin que esté apoyada en informe pericial o prueba alguna.**

5. **Incurrió en error el TPI al dictar orden concediendole al CSILO 20 dias para informar nombre, cualificaciones, número de teléfono y dirección del perito tasador que estará utilizando a pesar de que aun no se ha resuelto de forma final ni firme el asunto de la jurisdicción del tpi para atender la petición de epígrafe.**

6. **Incurrió en error el TPI al no eliminar a la parte con interés SZ, a pesar de que se trata de una parte indebidamente acumulada.**

### KLCE202300360

1. **Incurrió en error el TPI al declarar sin lugar la solicitud de desestimación sin considerar los antecedentes de la propiedad objeto de la peticion de expropiación, la cual está gravada por un "Federal Interest" del gobierno federal que impide no sólo la expropiación de epígrafe, sino que ademas, priva de ju[ris]dicción al TPI para atender la petición de expropiación.**

2. **Erró crasamente el TPI al asumir jurisdicción a pesar de que conforme a lo establecido en 28 U.S.C.S. Sec. 2499(a)(a), el TPI carece de jurisdicción sobre la materia ya que existe jurisdicción exclusiva del Tribunal Federal.**

3. **Erró el TPI al asumir jurisdicción a pesar de que la propiedad no está sujeta a ser expropiada por la doctrina del campo ocupado. El TPI al dictar la Resolución recurrida pasó por alto que no hay ley Estatal, ni Municipal, que pueda ir por encima del destino y propósito de la propiedad según le fue conferido a consecuencia del "Federal Interest" y la Ley Federal.**

4. **Erró el TPI al declarar sin lugar la solicitud de desestimación a pesar de que la Petición de Expropiación deja de exponer una reclamación que justifique la concesión de un remedio por la aplicación de la doctrina del fin público previo, el cual a su vez resulta ser un uso público de mayor supremacía.**

5. **Incurrió (*sic*) el TPI al no desestimar la petición a pesar de que el Municipio de Rio Grande no pudo levantar un argumento en derecho para oponerse.**

Con el beneficio de los escritos presentados por las partes, resolvemos.

**II**

**A. Expropiación forzosa**

El Artículo II, sección 9 de la Constitución del Estado Libre Asociado de Puerto Rico dispone lo siguiente:

> No se tomará o perjudicará la propiedad privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley. No se aprobará ley alguna autorizando a expropiar imprentas, maquinarias o material dedicados a publicaciones de cualquier índole. Los edificios donde se encuentren instaladas solo podrán expropiarse previa declaración judicial de necesidad y utilidad publicas mediante procedimientos que fijara la Ley, y solo podrán tomarse antes de la declaración judicial, cuando se provea para la publicación un local adecuado en el cual pueda instalarse y continuar operando por un tiempo razonable.

Al presentarse ante el TPI la petición de expropiación forzosa, con arreglo a lo dispuesto en 32 L.P.R.A. §§2901 et seq., el Estado deposita la compensación debida "a favor del dueño y de cualquier persona que tenga derecho, conforme las normas aplicables, a participar de ella." *Administración de Terrenos de P.R. v. Nerashford Development Corp.*, 136 D.P.R. 801, 807 (1994), que cita a: Ley de 12 de marzo de 1903, p. 50, sec. 4 & 5(a) (32 L.P.R.A. sec. 2905 & 2907); Reglas 58.3 y 58.9 de las de Procedimiento Civil de P.R. (32 L.P.R.A. Ap. III R. 58.3 & 58.9).

Se ha reiterado por el Tribunal Supremo de Puerto Rico lo siguiente: "[e]l **derecho del gobierno a expropiar propiedad privada para uso público** 'es un atributo inherente y necesario de la soberanía… y es superior a todos los derechos de propiedad.'… El título que se adquiere mediante la expropiación no se deriva del título del anterior dueño, sino que **es un título nuevo, independiente y absoluto**." *Administración de Terrenos de P.R. v. Nerashford Development Corp.*, *supra*, a la página 808, que cita a: *Pueblo v. 632 Metros Cuadrados*, 74 D.P.R. 961, 970 (1953); *ELA v. Registrador*, 111 D.P.R. 117,119 (1981). (Énfasis nuestro.)

A la fecha de radicación del legajo de expropiación forzosa ante el TPI que incluya la "declaración de adquisición y entrega y se haga el depósito en el tribunal, para beneficio y uso de la persona o personas naturales o jurídicas que tengan derecho al mismo, de la cantidad estimada

como compensación y especificada en la declaración, el título absoluto de dominio de dicha propiedad, o cualquier derecho o interés menor en la misma según quede especificado en la declaración, **quedará investido en el Estado Libre Asociado de Puerto Rico o Gobierno Estatal, o en la agencia o instrumentalidad del Estado Libre Asociado de Puerto Rico que hubiere requerido la expropiación** […]." (Énfasis nuestro.) 32 L.P.R.A. §2907.

Además, "[e]n términos generales se ha sostenido que como la facultad de expropiar es un atributo inherente a la soberanía del Estado, **las únicas limitaciones que pueden reconocerse a su ejercicio son que la propiedad se dedique a un uso o fin público y se le satisfaga al demandado una justa compensación por ella**." (Énfasis nuestro.) *M. Mercado e Hijos v. Tribunal Superior*, 85 D.P.R. 370 (1962).

Por lo tanto, "[e]l poder de expropiación forzosa del Estado Libre Asociado es consustancial mismo con su existencia como Estado, e inseparable de su poder político" y "[l]a Constitución de Puerto Rico se lo reglamenta en el sentido de que lo ejerza para utilidad pública, y como hemos concluido, beneficio e interés o utilidad social y del bien común, sujeto al pago de una justa compensación […]." *E.L.A. v. Rosso*, 95 D.P.R. 501, 536 (1967). En consecuencia, "[c]uando la Asamblea Legislativa misma, quien ejerce el poder de expropiación forzosa del Estado bien por sí o en forma delegada, hace ella la determinación de utilidad pública o interés público, **resulta poco menos que imperceptible la facultad de los tribunales para contradecir esa determinación**." *Id.* (Énfasis nuestro.) Asimismo, "[u]na vez que la declaración legislativa o del organismo delegado sea de utilidad pública, en el significado presente del concepto, **no incumbe a las cortes intervenir con la manera y medios que la Legislatura o sus organismos delegados escogen para ejercer el poder de expropiar, ni con la selección que hace de los bienes a ser expropiados**." *Id.*, que cita a *McCormick v. Marrero*, 64 D.P.R. 260 (1944) y otros casos. (Énfasis nuestro.)

Por otro lado, la sección 5(d) de la Ley de Marzo 12 de 1903, según enmendada, 32 L.P.R.A. §2910, dispone lo siguiente:

En cualquier procedimiento entablado o que se entable por y a nombre y bajo la autoridad del Estado Libre Asociado de Puerto Rico o Gobierno Estadual, bien actúe en tales procedimientos el Estado Libre Asociado de Puerto Rico o Gobierno Estadual por propia iniciativa y para su propio uso, o bien a requerimiento y para fines de cualquier agencia o instrumentalidad del Estado Libre Asociado de Puerto Rico; y en todo procedimiento entablado o que se entable por y a nombre de la Autoridad de Hogares de Puerto Rico, de cualquier Autoridad Municipal de Hogares o de cualquier municipio de Puerto Rico el Secretario de Justicia de Puerto Rico, o la representación legal de la Autoridad de Hogares de Puerto Rico, de cualquier Autoridad Municipal de Hogares, de cualquier municipio de Puerto Rico y de cualquier agencia o instrumentalidad del Estado Libre Asociado de Puerto Rico, quedan autorizados para desistir total o parcialmente, a nombre del Estado Libre Asociado de Puerto Rico o de las agencias, instrumentalidades o subdivisiones del Estado Libre Asociado de Puerto Rico que representan, de la adquisición de cualquier propiedad o parte de la misma o cualquier interés que en la misma haya sido o sea expropiado por o para la entidad expropiante por declaración de adquisición o de otro modo, y el título de dicha propiedad revertirá total o parcialmente, según sea el caso de desistimiento, a sus antiguos dueños; […].

[…]

La facultad antes conferida para el desistimiento total o parcial de propiedades adquiridas mediante expropiación y en la forma anteriormente dispuesta podrá ser ejercida por las personas así autorizadas mediante convenio o estipulación. --Marzo 12, 1903, p. 50, adicionada como sec. 5(d) en Mayo 12, 1949, Núm. 286, p. 845, sec. 1.

La petición de expropiación forzosa incluye, entre otros documentos, una declaración sobre adquisición y entrega material la cual deberá contener y estar acompañada de lo siguiente:

1. Una relación de la autoridad bajo la cual se pretende adquirir la propiedad y el uso público para el cual se pretenda adquirirla.

2. Una descripción de la propiedad que sea suficiente para identificarla.

3. Una relación del título o interés que se pretende adquirir de la propiedad para fines públicos.

4. Un plano en caso de propiedad que pueda ser así representada.

5. Una fijación de la suma de dinero estimada por la autoridad adquirente como justa compensación de la propiedad que se pretende adquirir. 32 L.P.R.A. sec. 2907; *Mun. de Guaynabo v. Adquisición M²*, 180 D.P.R.

206, 217(2010) que cita a *A.C.T. v. Iñesta*, 165 D.P.R. 891,902 (2005).

La Ley de Expropiación Forzosa y la Regla 58 de Procedimiento Civil reconocen el derecho al dueño de la propiedad expropiada como **parte con interés** para "formular sus defensas y objeciones, tanto en el carácter público del uso a que se destinara la propiedad como a la cuantía declarada como justa compensación." *A.C.T. v. 780.6141m², supra*, pág. 133. Por otro lado, al arrendatario del inmueble objeto de expropiación ordinariamente le asiste **el derecho a participar de la compensación que el Estado deposite**. *Adm. de Terrenos de P.R. v. Nerashford Dev. Corp., supra*, pág. 815. La renuncia a ese derecho debe constar de una manera clara y expresa. *Id.*

En cuanto a la justa compensación, de ser impugnada la cuantía originalmente consignada con la petición de expropiación forzosa, corresponde al TPI su adjudicación final. Luego, "[l]a compensación fijada por el tribunal sustituye los bienes inmuebles y los dueños de cada interés sobre los mismos recobran de dicha compensación el mismo interés proporcional que tenían en la propiedad expropiada." *Adm. de Terrenos de P.R. v. Nerashford Dev. Corp.*, *supra*, págs. 811-812 que cita a *Pueblo v. McCormick, Alcaide & Co.*, 78 D.P.R. 939, 945-946(1956). No obstante, le corresponde al dueño de la propiedad "cuestionar la cantidad depositada como justa compensación y presentar la evidencia correspondiente sobre el valor en el mercado del inmueble expropiado." *A.C.T. v. 780.6141M²*, *supra*, pág. 133.

**III**

En el recurso **KLAN202300276**, CSILO señaló que el TPI erró como sigue: (1) **al desestimar su reconvención** en un pleito de expropiación forzosa, contrario al derecho aplicable; (2) **al no dejar sin efecto la orden de investidura de título sobre la propiedad inmueble expropiada y ordenar que se inscribiera la misma a favor del municipio y libre de cargas**, gravámenes, menciones y reservas, **con conocimiento de que la propiedad está afecta(***sic***) al "federal interest"** y de **que el gobierno**

**federal no se ha incluído como parte** en este caso y al **no dejar sin efecto la investidura de título** hasta tanto se resolviera de forma final y firme la controversia sobre la jurisdicción; (3) al **ordenar el desalojo inmediato de CSILO de la propiedad** expropiada sin haberse resuelto de forma final ni firme el asunto de la jurisdicción del TPI para atender la petición de expropiación forzosa; (4) al **imponerle a CSILO un canon de arrendamiento mensual** de $24,000.00 a partir del 10 de septiembre de 2022 y hasta que desaloje la propiedad, sin que la cantidad este apoyada en informe pericial o prueba alguna; (5) al dictar orden que **concede a CSILO 20 días para informar nombre, cualificaciones, número de teléfono y dirección del perito tasador que estará utilizando** en el caso; y, (6) al **no eliminar a la parte con interés identificada como SZ Development**, a pesar de que se trata de una parte indebidamente acumulada.

El **primer señalamiento de error** se refiere a la solicitud de desestimación de la petición de expropiación forzosa presentada por CSILO en la *Constestación a petición de expropiación y reconvención* presentada el 26 de agosto de 2022. Conforme al derecho aplicable antes esbozado, el procedimiento civil en los casos de expropiación forzosa es *in rem*, es decir, contra la propiedad y no le aplica lo dispuesto sobre *alegaciones responsivas* reguladas en las Reglas de Procedimiento Civil que incluyen las *reconvenciones*. La causa de acción sobre expropiación forzosa es un procedimiento civil regulado por la Regla 58 de Procedimiento Civil y no un procedimiento civil ordinario, por lo que el TPI no cometió error al emitir la Sentencia Parcial apelada, que desestimó la reconvención.

En cuanto a los **restantes cinco señalamientos de errores**, se refieren cuatro órdenes interlocutorias emitidas el 10 de marzo de 2023 y notificadas el 13 de marzo de 2023, a las que identificamos como la **primera, segunda, tercera y cuarta orden recurrida** en el recurso de

apelación KLAN202300276, es decir, se recurre de órdenes de manejo del caso.

En cuanto a la **primera orden […]**, el TPI, en atención a la *Solicitud de reconsideración y para que se deje sin efecto orden de investidura de título dictada por este tribunal mediante su resolución del 7 de julio de 2022* y con el beneficio de los escritos de las partes, declaró no ha lugar la solicitud de reconsideración para que se dejara sin efecto la investiduta de título, y ordenó al Municipio a enmendar el Exhibit A para incluir al Gobierno Federal y presentar el Proyecto de emplazamiento. CSILO no tiene razón al señalar que el TPI erró al emitir la primera orden recurrida.

Al presentarse la Petición de Expropiación, el 6 de julio de 2022, el Tribunal de Primera Instancia emitió el 7 de julio de 2022 y notificó el 13 de julio de 2022, la resolución que decretó la investidura del título de la propiedad expropiada a favor del Municipio, libre de cargas, gravámenes, menciones y reservas.

A partir de la fecha de presentación de la petición, las partes con interés tienen el término de 20 días para impugnar el fin público. Transcurrido ese término sin que se impugne el fin público, las partes con interés solo pueden solicitar una suma adicional a la depositada como justa compensación sobre el valor de la propiedad expropiada. Al presentar el reclamo de suma adicional, la parte con interés deberá anunciar oportunamente su perito tasador, que deberá ser escuchado en una vista para dirimir si procede el reclamo de suma adicional. Por otro lado, de forma paralela al proceso sobre el reclamo de suma adicional y de no haberse desalojado la propiedad expropiada, el Tribunal puede adjudicar sobre el reclamo de imposición de canones de arrendamiento.

La **segunda orden […]**, declaró ha lugar la *Moción del Municipio de Río Grande en solicitud de desalojo e imposición de canon de arrendamiento* presentada el 23 de febrero de 2023, y le impuso un canon de arrendamiento mensual de $24,000.00 a CSILO a partir del 10 de septiembre de 2022 y hasta que acredite haber desalojado la propiedad

municipal. El TPI dispuso conforme a derecho en el manejo del caso, bajo lo dispuesto en la Ley de Expropiacion Forzosa, la Regla 58 de Procedimiento Civil y la jurisprudencia aplicable antes reseñada.

La **tercera orden […]**, le concede al CSILO el término de veinte (20) días para informar nombre, cualificaciones, número de teléfono y dirección del perito tasador que estará utilizando para litigar la justa compensación, en atención a la *Moción del Municipio de Río Grande solicitando que se ordene al CSILO que informe los datos del Perito Tasador que utilizará para litigar la justa compensación*, presentada el 23 de febrero de 2023. Igualmente, el TPI dispuso conforme a derecho en el manejo del caso, bajo lo dispuesto en la Ley de Expropiacion Forzosa, la Regla 58 de Procedimiento Civil y la jurisprudencia applicable antes reseñada.

La **cuarta orden […]**, declaró no ha lugar la *Moción solicitando eliminación de SZ Development por ser una parte indebidamente*, presentada el 26 de agosto de 2022. CSILO señala que el TPI se equivocó porque SZ no es parte con interés. Somos del criterio que el no se justifica nuestra intervención en el manejo del caso.

En el recurso **KLCE202300360**, CSILO señaló que el TPI se equivocó por lo siguiente: (1) al declarar sin lugar la solicitud de desestimación sin considerar que la propiedad expropiada está gravada por un "federal interest" del gobierno federal que impide la expropiación de epígrafe y priva de jurisdicción al TPI para atender la petición de expropiación; (2) al asumir jurisdicción a pesar de que conforme a lo estabecido en 28 USCS sec. 2499(a)(a), el TPI carece de jurisdicción sobre la materia ya que existe jurisdicción exclusiva del tribunal federal; (3) al asumir jurisdicción porque la propiedad no está sujeta a ser expropiada por la doctrina del campo ocupado y la resolución recurrida no procede en derecho, porque no hay ley estatal, ni municipal, que pueda ir por encima del destino y propósito de la propiedad según le fue conferido a consecuencia del "federal interest" y la ley federal; (4) al declarar sin lugar la solicitud de desestimación pues la petición de expropiación deja de

exponer una reclamación que justifique la concesión de un remedio por la aplicación de la doctrina del fin público previo, un uso público de mayor supremacía; y (5) al no desestimar la petición de expropiación forzosa porque el Municipio no presentó fundamento en derecho para oponerse.

Los **cinco errores señalados** se relacionan a un escrito titulado *Urgente solicitud de desestimación por falta de jurisdicción sobre la materia e impugnación de fin público*,[34] presentado por CSILO el 26 de agosto de 2022. Se reclama que la expropiación de la propiedad solicitada por el Municipio de Rio Grande no procede y debe ser desestimada, conforme a los siguientes tres fundamentos:

a. Falta de Jurisdicción sobre la materia según establece el 28 U.S.C.S Sec. 2409(a)(a). Se sostiene que la ley federal (28 U.S.C.S. Sec. 1346(f) y su jurisprudencia interpretativa disponen que las cortes de distrito federales tienen jurisdicción exclusiva sobre las acciones civiles bajo las cuales se reclame el título de una propiedad en la cual los Estados Unidos tenga interés. En el escrito de desestimación, el CSILO acompañó la certificación registral de la propiedad, de la cual surge inscrito el "Federal Interest" del Gobierno Federal en la propiedad objeto de expropiación de este caso.

b. La propiedad no está sujeta a ser expropiada por la doctrina del Campo Ocupado. No hay ley estatal, ni municipal, que pueda ir por encima del destino y propósito de esa propiedad según le fue conferido a consecuencia del "Federal Interest" y la ley federal.

c. La Petición deja de exponer una reclamación que justifique la concesión de un remedio por la aplicación de la doctrina del Fin Público Previo, el cual a su vez resulta ser un uso público de mayor supremacía.

CSILO reitera, en el recurso KLCE202300360, sus planteamientos y argumentos ya presentados en mociones previas y discutidos en relación al recurso KLAN202300276. No tiene razón. Hemos examinado detenidamente los escritos de las partes y el apéndice presentado, y estamos convencidos que el TPI no ha cometido los errores señalados en el recurso KLCE202300276 y en el recurso KLCE202300360. CSILO no ha demostrado la existencia del aludido gravamen federal y sus reclamos se alejan del derecho aplicable como reiteradamente resolvió el TPI en ambos

---

[34] Apéndice del recurso KLAN202300276, págs. 149-189.

recursos consolidados. La Certificación Registral que expidió el Registrador sobre la propiedad expropiada no incluyó mención alguna de un interés federal. No se cometieron los errores señalados.

Con el beneficio de los escritos de las partes, el foro recurrido emitió y notificó el 15 de marzo de 2023 una *Resolución* que declaró no ha lugar la solicitud de desestimacion por falta de jurisdicción y campo ocupado, presentadas por CSILO. No se justifica nuestra intervención, bajo lo dispuesto en la Regla 52.1 de Procedimeinto Civil.

**IV**

Por los fundamentos antes expuestos, disponemos lo siguiente: (1) en cuanto al recurso KLAN202300276, **se confirma la *Sentencia parcial* emitida el 10 de marzo de 2023 y notificada el 13 de marzo de 2023**, y **se deniega la expedición del auto de *certiorari* en cuanto a las cuatro órdenes recurridas también emitidas el 10 de marzo de 2023 y notificadas el 13 de marzo de 2023**; y, (2) en cuanto al recurso KLCE202300360 **se deniega la expedición del auto de *certiorari* en cuanto a la *Resolución* emitida y notificada el 15 de marzo de 2023**.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones