<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I</td></tr>
<tr>
<td>MUNICIPIO AUTÓNOMO DE CAGUAS<br>Parte Peticionaria<br><br>v.<br><br>ASQUISICIÓN EN PLENO DOMINIO DE SOLAR 16,759.031 METROS CUADRADOS DE TERRENO Y ESTRUCTURA INDUSTRIAL RADICADOS EN EL BARRIO RÍO CAÑAS DE CAGUAS, PR 00725<br>Parte Recurrida<br><br>v.<br><br>ASSF SOCIEDAD ESPECIAL DE RESPONSABILIDAD LIMITADA, CENTRO RECAUDACIONES INGRESOS MUNICIPALES (CRIM), BANCO POPULAR DE PUERTO RICO, WESTERNBANK PUERTO RICO, JANE DOE Y JOHN DOE<br>Partes con Interés</td>
<td>KLCE202401189</td>
<td><em>Certiorari</em> procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2021CV03094<br><br>Sobre:<br><br>Expropiación Forzosa</td>
</tr>
</table>

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Rodríguez Flores, Juez Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de noviembre de 2024.

El 30 de octubre de 2024, el Municipio Autónomo de Caguas (en adelante, Municipio) presentó una *Moción en Auxilio de Jurisdicción,* con el fin de que ordenáramos la paralización de los procedimientos ante el foro primario hasta tanto resolviéramos su recurso de *certiorari* presentado en la misma fecha. En su recurso, el Municipio solicitó que revocáramos la orden emitida el 27 de septiembre de 2024, y notificada el 30 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas, que declaró *no ha lugar* la *Notificación de desistimiento* sin perjuicio de

la petición de expropiación incoada por el Municipio y le ordenó consignar la suma de la justa compensación, en un término de treinta (30) días.

El mismo 30 de octubre de 2024, este Tribunal dictó la *Resolución* que declaró con lugar la *Moción en Auxilio de Jurisdicción* del Municipio y ordenó la paralización de los procedimientos ante el foro de primera instancia.

De conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 7(B)(5), resolvemos sin trámite ulterior.

## I.

El 30 de noviembre de 2021, el Municipio, representado por su alcalde, Honorable William Miranda Torres, presentó una petición de expropiación forzosa ante el Tribunal de Primera Instancia, Sala Superior de Caguas. Esto, al amparo de los estatutos que facultan a los municipios a instar procesos de expropiación forzosa de bienes declarados estorbos públicos; en particular, la *Ley General de Expropiación Forzosa* de 12 de marzo de 1903, 32 LPRA sec. 2901 *et seq.,* y la Ley Núm. 107-2020, conocida como *Código Municipal de Puerto Rico*.

La propiedad objeto del proceso de expropiación forzosa consta inscrita en el Registro de la Propiedad con la siguiente descripción:

> Rústica: BARRIO CAÑAS DE CAGUAS. Solar: Cabida 16,589.039 Metros Cuadrados. Linderos: Norte, en ciento noventa y cuatro punto cero noventa (194.090) metros con el lote que se segrega. Sur, en ochenta y nueve punto quinientos uno (89.501) con terrenos de Carmen Josefa De León. Este, en una distancia de ciento setenta y cuatro punto cuarenta y tres (174.43) metros lineales con franje de terreno de ensanche de camino público que la separa del condominio Los Concepciones. Finca compuesta de 6.498 (sic) luego de mensura, quedando con la cabida la cual se describe según la inscripción 16 y sus notas marginales.

El inmueble consta de una estructura de un nivel tipo comercial y está localizada en Barrio Río Cañas, sector Quebrada Arenas, antigua fábrica en Caguas. Está identificado en el Centro de Recaudaciones de Ingresos Municipales (CRIM) con el número de catastro 172-021-431-17-000 y se informó la cantidad que adeuda al CRIM por concepto de contribuciones sobre la propiedad. La propiedad fue declarada estorbo público mediante resolución de 30 de octubre de 2019, expedida por la directora de la Oficina de Permisos del Municipio Autónomo de Caguas, ingeniera Milagros Calixto Vega.[1]

Como partes con interés de la petición de expropiación forzosa se incluyó a la A.A.S.F., Sociedad Especial de Responsabilidad Limitada, al Centro de Recaudación de Ingresos Municipales (CRIM), y a las siguientes instituciones financieras: Banco Popular de Puerto Rico y Western Bank de Puerto Rico. También, el Municipio anejó una tasación realizada el 28 de junio de 2021, por la tasadora Natalia G. Rivera Ortiz, que establecía el valor del inmueble en $312,000.00.[2]

El 13 de diciembre de 2021, el Municipio consignó la cantidad de $186,554.12, como justo valor de la referida propiedad.

El 8 de febrero de 2022, compareció el Banco Popular de Puerto Rico y expresó no tener interés en el proceso. El 1 de febrero de 2023, se le anotó la rebeldía a A.A.S.F. Sociedad Especial de Responsabilidad Limitada. El 11 de julio de 2023, el CRIM desistió de cobrar la acreencia de $81,400.06 por concepto de las contribuciones sobre la propiedad adeudadas.

El 11 de octubre de 2023, el Municipio realizó una segunda consignación por la suma de $51,300.00.

---

[1] El proceso de declaración de estorbo público se llevó en contra de su dueña, AAE Soc. Especial de Resp. Limitada.

[2] El 20 de septiembre de 2024, en cumplimiento con una orden emitida por el foro primario, el Municipio presentó una tasación actualizada que estableció el valor de la propiedad en $570,000.00.

Luego de varios tramites procesales que no son necesarios pormenorizar para disponer del caso, el 20 de septiembre de 2024, el Municipio presentó una *Notificación de desistimiento* de la petición de expropiación forzosa. Fundamentó su curso de acción en la Regla 58.8 (a) de Procedimiento Civil, *infra,* que dispone para el desistimiento de un pleito de expropiación "como cuestión de derecho" y sin autorización del tribunal, cuando "no se ha comenzado una vista para determinar la compensación que habrá de pagarse por una propiedad y la parte demandante no ha adquirido el título o cualquier otro derecho" sobre la propiedad. En su moción, el Municipio invitó al foro primario a tomar conocimiento judicial de las enmiendas que incorporó la Ley Núm. 114-2024[3] a los estatutos que facultan a los municipios a instar procesos de expropiación forzosa de bienes declarados estorbos públicos, y -al amparo de la citada regla procesal- solicitó el desistimiento sin perjuicio y la devolución de los fondos consignados ($237,854.12), más los intereses devengados a tenor con la Ley Núm. 69 de 14 de agosto de 1991, conocida como la *Ley para Regular los Depósitos de Fondos Públicos y para Proveer sobre su Seguridad,* 7 LPRA sec. 251 *et seq.* A su vez, y en cumplimiento con una orden emitida por el foro primario, el Municipio presentó una tasación actualizada que estableció el valor de la propiedad en $570,000.00.

El 30 de septiembre de 2024, el foro recurrido notificó la orden que se transcribe a continuación:

NO HA LUGAR.

---

[3] La Ley Núm. 114 de 29 de julio de 2024, incorporó la utilización de un procedimiento sumario de expropiación en los casos que el municipio pretenda expropiar inmuebles declarados estorbos públicos. En dicho procedimiento sumario, "[e]l municipio no vendrá obligado a consignar dinero alguno sobre la expropiación al radicar la demanda. Dicha obligación comenzará al momento en que el o los demandados comparezcan al tribunal mediante las alegaciones responsivas contenidas en su contestación a la demanda". Art. 4.012A (f). Lo anterior resulta en un cambio significativo a lo dispuesto para el procedimiento de expropiación ordinario prescrito en la *Ley General del Expropiación Forzosa* de 12 de marzo de 1903, y en el Art. 4.012 de la Ley Núm. 107-2020, que exigen que se deposite en el tribunal el valor tasado de la propiedad al momento de radicar la demanda de expropiación.

EL TRIBUNAL RETENDRÁ SU JURISDICCIÓN, MÁXIME EN ESTOS CASOS DE ALTO INTERÉS PÚBLICO. CONSIGNE LA CANTIDAD DE $383,445.88 EN EL TÉRMINO DE 30 DÍAS.[4]

Inconforme con lo resuelto, el Municipio instó el presente recurso y apuntó los siguientes señalamientos de error:

Erró el TPI al impedir la notificación de desistimiento sin perjuicio del Municipio, al amparo de la Regla 58.8 (a) de las Reglas de Procedimiento Civil.

Erró el TPI al variar la interpretación jurisprudencial de La Regla 39.1 de Procedimiento Civil sobre desistimiento voluntario, cuando ésta es análoga a la Regla 58.8 (a) de Procedimiento Civil en asuntos de expropiación de la propiedad.

Erró el TPI al abusar de su limitada discreción, toda vez que no consideró que el Municipio, como cuestión de derecho, solamente tenía que notificar su desistimiento sin perjuicio, ya que (1) no se había iniciado la vista para determinar la justa compensación, (2) el Municipio no había adquirido el título o cualquier otro derecho sobre la propiedad, y (3) el Municipio no había tomado posesión sobre la propiedad.

Erró el TPI al abusar de su limitada discreción y realizar requerimientos adicionales no incorporados en la *Ley General de Expropiación Forzosa,* supra, la Ley Núm. 107-2020, *supra,* y la Regla 58.8 (a) de las Reglas de Procedimiento Civil, *supra.*

Erró el TPI, pues con su determinación de velar por el supuesto "alto interés público", tácitamente se convirtió en parte interesada respecto a los posibles efectos y consecuencias del desistimiento del Municipio.

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[5]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[6] Ésta dispone que, el recurso

---

[4] Apéndice del recurso, pág. 197.
[5] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[6] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[7]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[8] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B.**

La expropiación forzosa es el poder del soberano que reside en el Estado para adquirir el dominio de una propiedad sita dentro de sus límites territoriales. Según la superioridad jerárquica de este poder, los derechos de propiedad están supeditados a éste. No obstante, en reiteradas ocasiones el Tribunal Supremo ha sentenciado que el poder de expropiación no es irrestricto y es regulado para evitar las acciones abusivas o arbitrarias del Estado. *Adm. Terrenos v. Corp. Pesquera Henares,* 201 DPR 14, 21 (2018).

A tales fines, la Constitución del Estado Libre Asociado de Puerto Rico establece que "[n]o se tomará o perjudicará la propiedad

---

[7] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).
[8] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

privada para uso público a no ser mediante el pago de una justa compensación y de acuerdo con la forma provista por ley". Art. II, Sec. 9, Const. ELA, LPRA Tomo 1. En lo relacionado a la exigencia del pago de la justa compensación, el Tribunal Supremo ha expresado que con ello se pretende "colocar al dueño de la propiedad en una situación económica equivalente a la que se encontraba con anterioridad a la expropiación de su propiedad". *Adm. Terrenos v. Corp. Pesquera Henares,* supra, seguido en *SLG Ortiz-Mateo v. ELA,* 211 DPR 772, 789 (2023). En cuanto al requisito constitucional de justa compensación a la parte con interés, véase, *AAA v. Cortés Flores*, 214 DPR ___ (2024), 2024 TSPR 96, opinión del 4 de septiembre de 2024.

En el caso de los municipios, todo ejercicio del poder de expropiación forzosa conlleva cumplir con las disposiciones de la Ley Núm. 107-2020, conocida como el *Código Municipal de Puerto Rico*, 21 LPRA sec. 7001 *et seq.*, y las Reglas de Procedimiento Civil, 32 LPRA Ap. V. *Adm. Terrenos v. Corp. Pesquera Henares,* supra. Las disposiciones contenidas en la *Ley General de Expropiación Forzosa de 12 de marzo de 1903*, 32 LPRA sec. 2901 *et seq.*, serán de carácter supletorias en las acciones de expropiación forzosa por parte de los municipios. Art. 2.018 de la Ley Núm. 107-2020, según enmendado por la Ley Núm. 114-2024.

En particular, la Regla 58.8 de Procedimiento Civil, 32 LPRA Ap. V, R. 58.8, dispone para el desistimiento de pleitos de expropiación en las siguientes instancias:

> (a) *Como cuestión de derecho.* **Si no se ha comenzado una vista para determinar la compensación que habrá de pagarse por una propiedad y la parte demandante no ha adquirido el título o cualquier otro derecho o no ha tomado posesión de la propiedad, la parte demandante podrá desistir del pleito en cuanto a esa propiedad sin una orden del tribunal** mediante la presentación de una notificación de desistimiento, en la cual expondrá una descripción breve de la propiedad con respecto a la cual se desiste del pleito.

(b) *Por estipulación.* Antes de registrarse una sentencia traspasando a la parte demandante el título o cualquier otro derecho en la propiedad a la posesión de la misma, se podrá desistir el pleito en todo o en parte sin orden del tribunal con respecto a cualquier propiedad mediante la presentación de una estipulación de desistimiento por la parte demandante y la parte demandada interesada; y si las partes así lo estipulan, el tribunal podrá dejar sin efecto cualquier sentencia que se haya registrado.

(c) *Por orden del tribunal.* En cualquier tiempo antes de haberse determinado y pagado la compensación por una propiedad y previa moción y vista, el tribunal permitirá a la parte demandante desistir del pleito bajo los términos y las condiciones que estime procedentes con respecto a esa propiedad, Disponiéndose, que el tribunal no ordenará el archivo del pleito en cuanto a cualquier parte de la propiedad de la cual la parte demandante ha tomado posesión o en la cual la parte demandante ha adquirido título u otro derecho sin antes adjudicar una compensación justa por la posesión, el título u otros derechos así adquiridos.

(d) *Efecto.* Excepto en los casos en que la notificación, estipulación u orden del tribunal disponga lo contrario, todo desistimiento será sin perjuicio.

(Énfasis suplido).

Como puede observarse, el Estado puede desistir de continuar con la acción judicial de expropiación forzosa en cualquier momento. En otras palabras, el Estado no queda obligado a seguir el procedimiento ni adquirir la propiedad por el mero hecho de haber comenzado el procedimiento de expropiación forzosa. *Iriarte Miró v. Srio. de Hacienda,* 84 DPR 171, 178-179 (1961).

El Estado puede desistir voluntariamente y sin permiso del tribunal, antes de comenzar la vista para determinar la justa compensación y aún no ha adquirido el título o cualquier otro derecho o no ha tomado posesión de la propiedad. Una vez comenzada la vista, solamente podrá desistir por estipulación con el demandado o por orden del tribunal. Además, a no ser que la notificación, estipulación u orden del tribunal disponga lo contrario, todo desistimiento será sin perjuicio.

**III.**

Expedimos el auto de *certiorari* a tenor con la autoridad que nos concede la Regla 52.1 de Procedimiento Civil, *supra,* para atender, por excepción, dictámenes interlocutorios en casos revestidos de interés público, y los criterios (A) y (E) de la Regla 40 de nuestro Reglamento, *supra.*

En el presente caso, el Municipio notificó el desistimiento de la petición de expropiación cuando aún no se había iniciado vista alguna para determinar la compensación que habría de pagarse por la propiedad. El Municipio tampoco ha adquirido el título o cualquier otro derecho sobre la propiedad.

Además, surge del expediente que se le anotó la rebeldía a A.A.S.F. Sociedad Especial de Responsabilidad Limitada por no haber contestado la petición de expropiación forzosa luego de haber sido debidamente emplazada. También, el CRIM desistió de cobrar su acreencia por concepto de contribuciones sobre la propiedad adeudadas.

Como claramente lo establece la referida Regla 58.8 (a) de Procedimiento Civil, *supra,* **en esta etapa del procedimiento**, en la que no se ha comenzado una vista para determinar la compensación que habrá de pagarse por la propiedad y el Municipio no ha adquirido el título o cualquier otro derecho sobre la propiedad, se permite el desistimiento sin perjuicio "como cuestión de derecho" mediante la presentación de la notificación al tribunal.

Por consiguiente, el foro recurrido se excedió en el ejercicio de su discreción al no aceptar la notificación del desistimiento presentado por el Municipio y ordenarle la consignación de la justa compensación. De conformidad con la Regla 58.8 (a) de Procedimiento Civil, *supra,* en este caso, el desistimiento del pleito de expropiación procedía "como cuestión de derecho".

En virtud de lo anterior, se revoca la orden recurrida y se ordena la devolución de los fondos consignados por el Municipio, con los correspondientes intereses.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *certiorari* y se revoca la orden recurrida. Se deja sin efecto la paralización de los procedimientos que fue ordenada por este Tribunal mediante resolución del 30 de octubre de 2024, y se devuelve el asunto al Tribunal de Primera Instancia para su continuación de forma compatible con lo aquí dispuesto.

Notifíquese.

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. El Juez Sánchez Ramos disiente sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones